(6 Misc. Rep. 562.)

WOLF v. ARMINUS COPPER MINE CO. et al.

(Supreme Court, Special Term, New York County. February, 1894.)

CORPORATIONS—ULTRA VIRES.

    The trustees of a corporation, the property of which was subject to a mortgage for about $65,000, to which all the stockholders had assen\`d, agreed with the mortgagee, after maturity of the debt, that it might be discharged by the payment within 10 months of $60,000, but that if such sum was not paid within that time the corporation would convey the mortgaged property to the mortgagee in satisfaction of the debt. *Held,* that such agreement was not ultra vires, and the delivery of the deed accordingly would not be enjoined at the suit of a stockholder. Abbot v. Rubber Co., 33 Barb. 578, distinguished.

Action by Louisa S. Wolf against the Arminus Copper Mine Company and others to restrain the delivery of a deed and for a judgment declaring the deed void. A temporary injunction was granted, and plaintiff now moves to continue the same. Denied.

William Man, for plaintiff.
John L. Hill, for defendant.

INGRAHAM, J. With the consent of all its stockholders, the defendant corporation executed a mortgage to the defendant Grasselli to secure the payment of a sum of money that it owed the mortgagee. An installment of $20,000 upon that mortgage coming due in February, 1893, the company was unable to pay, and an agreement was entered into between the mortgagee and the corporation whereby the mortgagee agreed to accept $60,000 and interest in full payment of the mortgage if paid on or before December 1, 1893, which was a reduction of something over $5,000 on the amount which was due, and the company agreed that, in default of the payment of the $60,000 and interest on or before December 1, 1893, it would execute a deed conveying the mortgaged premises to the mortgagee in full satisfaction of the mortgage debt, and that a deed to carry out that covenant was to be executed by the defendant corporation, and delivered to the United States Trust Company in escrow, to be delivered to the mortgagee in case of the failure

of the corporation to pay the mortgage on the date named. The corporation was unable to pay the amount due to the mortgagee, and the mortgagee then demanded from the trust company a delivery of the deed, and this action was brought to restrain the delivery of that deed, and for a judgment declaring the deed void. The sole ground upon which plaintiff bases his right to that relief is that the acts of the officers in making the agreement with the mortgagee and the execution of the deed in pursuance of that agreement was ultra vires, upon the principle established by the case of Abbot v. Hard Rubber Co., 33 Barb. 578. This principle is now well established in this and most of the other states of the Union, and is a most salutary one, and the protection of stockholders in corporations requires that it should be, in all cases, vigorously enforced. The question here, however, is whether the facts in this case are brought within the principle settled in the Hard Rubber Company Case.

The defendant corporation is a domestic corporation, organized under the laws of this state, formed and organized as alleged in the complaint, solely and only for the purpose of acquiring and working certain mining property in the state of Virginia, which property is the property sought to be conveyed by the deed the plaintiff asked to have adjudged void. In 1889 the corporation became indebted to Grasselli, as trustee, in the sum of $125,000, and, with the assent of all of its stockholders, including the then holder of the stock now owned by the plaintiff, consented to that mortgage, and that consent was duly filed, as required by law. This mortgage, therefore, became a valid lien upon the property therein described, and the plaintiff, as a stockholder, could not object to the validity of the mortgage, as his predecessor in title, as a stockholder, had expressly consented to its execution. After the payment of various installments, amounting in the aggregate to $50,000, on the 1st of February, 1893, an installment of $20,000 and upward of $3,000 back interest became due, which the corporation was unable to pay. It is not alleged that at that time there was any collusion as between the mortgagee and the officers of the corporation, or that the agreement then made was unfair or injurious to the corporation. The corporation, through its board of trustees, with the assent of most of its stockholders, and without express objection by the plaintiff, made the agreement, and, assuming that the corporation was then unable to pay the amount due on the mortgage, it would seem that the agreement as made was not only fair, but was an extremely favorable contract for the corporation. It had until December 1, 1893, to pay its debt that was then due, and it obtained a reduction of the amount due of $5,000. The creditor or mortgagee was prevented, pending that time, from taking any steps to recover the amount due on his mortgage, or to foreclose it. The mortgagee has lived up to his contract, while the corporation has failed to perform its agreement. No special equity is shown that would entitle this corporation, or its stockholders, after having received the benefit of the agreement made with the mortgagee, to repudiate its obligation under the agreement; and unless, under the rule of the law above

stated, this conveyance is absolutely void, I do not think the court should interfere. As before stated, the mortgage was clearly valid, and by it the mortgagee had the right, on the 1st of February, to proceed to foreclose his mortgage. There is nothing presented in the moving papers showing that the corporation would then have had, or now has, any defense to that mortgage; and if the plaintiff had proceeded, on February 1st, to foreclose, it would appear that, long before this time, he would either have had his money or the title to the property. The plaintiff having thus the right to have the property sold, and the proceeds applied to the payment of his debt, thus divesting the defendant of the title to its property, is there any legal objection in the corporation's assuming to give to the mortgagee, in payment of its legal debt, the title to the property, which the court, on the complaint of the mortgagee, would have divested from the corporation had the agreement not been made? The principle relied upon by the plaintiff was stated in the opinion of Justice Sutherland, at special term, in the case of Abbot v. Hard Rubber Co., 33 Barb. 580. In that case the trustees of the corporation, organized to manufacture rubber under the Goodyear patent, attempted to sell all the property of the corporation in one lump, including its right to use the patent, with the exception of the legal title to some real estate in the state of Connecticut; and to take in payment notes of the grantees. It was held that this transfer would, in effect, dissolve the corporation, and defeat the objects of its existence, and the principle was then established that trustees or directors appointed to conduct and manage a corporation have no authority by their voluntary act to defeat the object for which the corporation was organized. And in the opinion of Mr. Justice Sutherland at special term, and in the opinion delivered by Justice Allen on the appeal, the foundation upon which the rule was founded was emphasized. In that case the directors were attempting, by a voluntary act, to deprive the company of the object of its existence by the transfer; and its directors, elected to manage the corporation, and to accomplish the object for which it was organized, were given by the stockholders no power to voluntarily wipe it out of existence. Allen, J., at the general term, says:

"By the transfer, if allowed to stand, although the corporation still remains in form, with property which might be applied to some lawful purpose, the existence of the corporation was nominal. Its substance was taken from it, and its property was valueless as a hard rubber company. It had no rights, no franchises, and no existence." 21 How. Pr. 197.

The latest case in which this principle has been applied in this state, to which my attention has been called, is the case of People v. Ballard, 134 N. Y. 269, 32 N. E. 54, and the principle is there stated by Judge Vann, delivering the opinion of the court:

"A corporation cannot cease to exist of its own will. Its life continues until either the charter period has expired, or the court has decreed a dissolution. The law made it; and the law only can put an end to it. As it cannot take its own life directly, it cannot do so indirectly, for that would be a fraud upon the law and against public policy. By the transaction complained of, the defendant company was stripped of all its property, and thus

prevented from going on in business, and deprived of all means of carrying into effect the object of its existence. While a corporation may sell its property to pay its debts, or to carry on its business, it cannot sell its property in order to deprive itself of existence."

Applying the rule thus stated, it would seem that it does not affect the act of the corporation in this case. Here the effect of the agreement made between the corporation and the mortgagee was not to strip the corporation of its property, but was to postpone the time when the mortgagee could, by a foreclosure, take from the corporation the premises mortgaged. The object was not to transfer the property to another, but to prevent, for a time, the sale of the property, under operation of law, to pay the corporation's debt. The corporation, by the consent of all of its stockholders, had placed the mortgaged premises in such a position that a sale could be decreed upon the failure to pay the amount due upon the mortgage; and while it still owned the legal title to the premises, such ownership was subject to the right of the mortgagee, which, upon the failure of the corporation to pay its debt, would result in its title to the property being diverted; and by this act of the corporation the time when the property should be so diverted was postponed, and the agreement provided that the final diversion, when it came, if it did come, should be in full payment of the debt of the corporation. It seems to me clear that such a transaction cannot be said to be within the principle established by the Hard Rubber Company Case, and that the act of the trustees of the corporation in making the agreement in question was not ultra vires and void. As before stated, the plaintiff shows no equity. It is not a case where a contract is executory in its nature, and where a party seeks to restrain its performance; but here the contract has been executed by the mortgagee. The plaintiff, as a stockholder in the corporation, has received the full benefit of such performance of a contract by the mortgagee. No objection was ever made to the contract on behalf of the corporation or any of its stockholders, so far as appears, until the corporation had received the benefit; and it would seem to me to be extremely inequitable to allow the corporation to use the process of a court of equity so that the mortgagee, who has fully performed his contract, cannot have the benefit which is to be secured to him by such performance.

It is not alleged that the trustees of the corporation are insolvent, or unable to respond to the plaintiff in damages; and, if this act should be held to be unlawful, the plaintiff could have a remedy at law under the principles established in the case of People v. Ballard, supra. On the whole case, therefore, I think that the contract between the mortgagee and the corporation was valid, and that the act of the trustees in executing the deed to the mortgagee was not ultra vires, and that the deed is valid, and that, under the circumstances, there are no equities which would entitle plaintiff to the interposition of a court of equity to restrain the delivery of the deed. The motion to continue the injunction is therefore denied, and the temporary injunction dissolved, with $10 costs.